JAMES LAWRENCE et al., Executors, etc., Appellants, *v.* ELIZA LINDSAY et al., Respondents.

The will of Henry Lawrence, after various devises and bequests to his children, contained this clause: "I hereby direct that any advancements hereafter made by me to or for account of my said children, or either of them, and evidenced either by entries in my books of account

or by any written memorandum of acknowledgment signed by such child or children, shall be deducted from the amount or charged upon the share" of such child or children.  The testator kept no individual books; he was, however, the leading member of a firm upon whose books appeared accounts, accruing after the making of the will, against three of his children, which accounts were balanced and the several amounts charged to the testator in his own account.  Upon the cash book of the firm were also two entries under the same date, as follows; "Samuel Lawrence, currency (at the time he got the check), $50;" "Henry Lawrence (check for Samuel), $10,500."  These two items were also charged to the testator in his account.  All of said items were, upon the final accounting of the executors, charged as advancements.  *Held,* that the books of the firm were to be regarded as "my books" within the meaning of those words as used in said clause of the will; that the entries were evidence of advancements under said clause; but that the clause required both that advances should be made, and that they should be evidenced by entries; that it was requisite to prove the fact that the advances were made by evidence *aliunde,* which, in connection with the books, would be sufficient to establish it; and that the "entries" were not to be taken as true in the absence of such evidence.

*Lawrence* v. *Lindsay* (7 Hun, 641) reversed.

(Argued December 4, 1876; decided January 16, 1877.)

APPEAL from a judgment of the General Term of the Supreme Court in the second judicial department, affirming a decree of the surrogate of Kings county, on a final accounting of the executors of the estate of Henry Lawrence deceased. (Reported below, 7 Hun, 61.)

The questions presented and other facts are sufficiently set forth in the opinion.

*Chas. H. Woodruff* and *F. R. Coudert* for the appellant. Proof that the advancements were made *aliunde* the entries in the testator's books of accounts was necessary.  (*Johnson* v. *Belden,* 20 Conn., 322; *Meeker* v. *Meeker,* 16 id., 383; *Lamson's Appeal,* 23 Penn. St., 85.)

*Philip S. Crooke* for the respondent.

CHURCH, Ch. J.  The question presented is whether certain sums alleged to have been received by Samuel Lawrence and Frank Lawrence two of the sons, and Eliza Lindsay, a

daughter, during the life of the testator Henry Lawrence, should be regarded as advancements, and deducted from their share or portion under the will of their father. The tenth clause of the will reads as follows :

" Tenth. It is my will, and I hereby direct that any advancements hereafter made by me, to or for account of my said children, or either of them, and evidenced either by entries in my books of account, or by any written memorandum of acknowledgment signed by such child or children, shall be deducted from the amount or be charged upon the share or portion (as the case may be) to which such child or children respectively, would be entitled under the provisions of this my will, if no such advancement had been made."

The testator kept no individual books, but the firm of Henry Lawrence & Sons, he being the leading member, kept books, and these, I think, should be regarded as " my books," within the meaning of those words as used in this clause. As he had no individual books, it must be presumed that he referred to the books of his firm. They were in a sense his books, and he might properly, and would naturally speak of them as " my books." Upon the firm books are entries of accounts against Samuel and Frank Lawrence and Mrs. Lindsay respectively, and under date of December 30, 1871, these several accounts are charged to the testator as follows :

Henry Lawrence, Dr...................... $13, 871 89

To Samuel Lawrence, for amount charged...... $2, 287 00
Frank Lawrence ........................... 10, 551 57
Mrs. Lindsay ............................. 1, 033 32

$13, 871 89

And the said several accounts were balanced accordingly. There are two other entries, in the firm cash book, under date of May 2, 1870, as follows : "Samuel Lawrence, currency (at the time he got the check), $50. Henry Lawrence (check for Samuel) $10,500."

These items are charged to the testator on the journal, under date of May 31, 1870. It is insisted that these entries are not evidence of advancements under this clause of the will. In determining this question we must assume that the facts stated in the entries are true, and are a record of actual transactions. The accounts against the three children named, establish that the testator's firm paid sums of money to them, from time to time, to the respective amount of the accounts, and that the testator paid to the firm the aggregate amount of these sums for them. In substance the entries show that the testator advanced or paid to these children, through his firm, these several sums. The language is "to or for account of my said children," and the payment of these accounts is, at all events, an advance or payment on account of and for the benefit of the children. So, as to the item of $10,500, the two entries show (if true), that the testator procured the firm check for Samuel, and that the latter received it. This is the fair, and, I think, necessary inference from the two items; one a charge to the testator of the check for Samuel, and the other that Samuel received the check with fifty dollars in currency. It must, therefore, be assumed that the entries are evidence of an advance of money to the amount claimed to or on account of the children. The clause in the will does not require that the advancements shall be evidenced by charges against the children or by any form of indebtedness, but only that the advances shall be evidenced by " entries." It is of no importance, therefore, that the item of $10,500 was not charged to Samuel. It is sufficient that the " entries " show that he had it from the testator. It is, however, urged by the learned counsel for the appellants, that the requirement of the will is that the entries must express an intention on the part of the testator that the sums paid should be deemed advancements, to be deducted from their respective legacies. This position is not tenable. As between parent and child, in the absence of any provision in the will, it is presumed that an advance of money by the parent to the child, in the lifetime of the former, is intended to extinguish a legacy to the

extent of such advance. This is probably founded upon the further presumption that bequests to a child are intended as its full portion of the estate, and hence that an advance in the lifetime of the testator is a part portion of such child delivered in advance, and is deemed to be an ademption *pro tanto* of the legacy. (2 Story's Eq. Jur., § 1111, and notes.) There are cases where the payment of a less sum than the amount of the legacy has been deemed an extinguishment of it; but that doctrine, as a general rule, has been controverted, and does not seem to be founded upon any solid reason. (Id.) The burden is upon the child to show that advances were not intended to go in ademption of a legacy. The clause in question is, therefore, restrictive in favor of the children. It may be inferred that the testator contemplated making advances to his children, some of which he intended should be deducted from their shares, and some as independent gifts. Hence, he provided that only such advancements as were evidenced by entries in his books should be deducted.

The object of the provision seems to have been to limit and restrict the ordinary legal effect of advances. What was to be evidenced? The fact that money had been advanced; not that he intended that such money should be deducted. That intention was expressly declared in the will itself. The construction claimed would make the clause read that "Advances which are intended to be deducted shall be evidenced by entries expressing such intention." This would be unnatural and repetitious. The word "advancements," in the clause, is synonymous with "advances," and means the fact of advancing money to the children. The provision in the will requiring deduction would be entirely superfluous, if the testator intended that the entries should express such requirement. It seems to me apparent that the testator simply required entries of advances in order to justify their deduction. He assumed, as the law is, that subsequent advances would be deducted, and he intended to limit this result to such as the books showed had been made.

It is also urged by the learned counsel for a part of the

appellants, in substance, that if the books of the firm are to be regarded as the books of the testator within the clause in question, they must be so regarded for all purposes, and that the entries taken together repel the idea of advances, because they show that the accounts were canceled by being balanced — presumably by direction of the testator. This position is plausible, but I think not sound. Although the books are to be regarded as those referred to in the will, it does not follow that they are to be treated the same in all respects, as if they were the individual books of the testator. By these books, the accounts against the children were debts in favor of the firm, and if they had not been paid, and had remained in their original condition they would not have shown advances by the testator. It required precisely what was done, the payment or assumption of these debts by the testator to bring the transaction within the provisions of the clause in question, and when they were charged to him a corresponding credit upon the accounts was necessary as a matter of formal book-keeping which in no way operated to impair the fact which the books proved, of advances on account of the children. The assumption of their indebtedness by the testator was necessary to make the books show advances and such assumption in fact and in law discharged the indebtedness of the children to the firm, so that the very evidence necessary to constitute advances, is conclusive according to the argument, that advances were not intended. The will does not require that the entries shall show an indebtedness, but only an advance generally.

But while concurring substantially with the respondents as to the construction of the will, and of the entries, a majority of my brethren are of opinion that the fact of advances must be proved by evidence *aliunde* which in connection with the books would be sufficient to prove the fact, and that the "entries" are not to be taken as true in the absence of such evidence. The clause quoted, requires two things to authorize a deduction from the shares of the children; first, that advances should be made, and second, that they should be

114    PEOPLE ex rel. CONWAY. v. SUPERVISORS.    [Jan.,

Statement of case.

evidenced by entries. It cannot be presumed that the testator intended that an "entry" should pay a legacy, unless it expressed the fact. Besides if the testator so intended, it is doubtful whether such a provision would be valid. It would be in substance a provision for canceling a provision in the will by an unattested writing. (16 N. Y., 9.) Without definitely deciding this point we think that under the peculiar language of this clause the respondent must establish *prima facie* at least that advances were in fact made.

The judgment must be reversed, and the proceedings remitted to the surrogate for a rehearing, with costs in this court to be paid out of estate.

All concur; FOLGER J., absent.

Judgment reversed.