New York County.—HON. D. C. CALVIN, Surrogate—
November, 1878.

### Benjamin *v.* Dimmick.

*In the matter of the final accounting of the executors of*
JOSEPH BENJAMIN, *deceased.*

Where a parent bequeaths a legacy to a child, and afterwards, in his life-time, gives a portion or makes a gift to, or a provision for, the same child, even without expressing it to be in lieu of the legacy,—if the gift or provision be certain and not merely contingent, if no other object be pointed out, and if it be *ejusdem generis*,—then it will be deemed an ademption of the legacy *in toto*, if greater than or equal to, and *pro tanto*, if less than, the provision of the will.

The testator's books, wherein certain sums are directed to be taken from a child's portion, as bequeathed to him by the will, are not *per se* evidence ot advances. The fact of advances must be proved by evidence *aliunde*, which, in connection with the books, would prove the fact.[*]

The testimony of a legatee of the income of property for life, the principal to go to her heirs, as to any personal transactions with the testator, tending to diminish her legacy by proving advances made during testa-tor's lifetime, is inadmissible as against such heirs, under section 399 of the Code. The testator's books of accounts, introduced in evidence by the executors, is not "the testimony of the deceased," within the exception of said section, so as to render the testimony of such legatee admissible.

MOTION to confirm auditor's report, upon final ac-counting of executors.

The testator, in his will, after giving certain specific bequests, directed his executors to divide all the rest, residue and remainder of his property, real and personal, into three equal parts, and gave to his wife, during her natural life, the income of one of such parts ; to his daughter, Lucretia B. Dimmick, during her natural life, the income of one other of such parts, and at her death he gave the last mentioned part to her heirs and assigns

---

[*] See LAWRENCE *v.* LAWRENCE, *post.*

forever ; and he gave to his son, Joseph R. Benjamin, until he should have attained the age of thirty years, the income of the remaining one of the said parts, and on his attaining that age, he gave to him the one equal half of the said part, and the income of the other half, until he should attain the age of forty years, and on his attaining that age, he gave the residue of the said part to him.

Joseph R. Benjamin, at the time of the accounting, had attained the age of thirty years, but was not yet forty years old.

It appeared, from entries in the testator's account books, which were offered in evidence before the auditor, and received by him in opposition to objections to their admissibility, that the testator charged therein, against his son, Joseph R. Benjamin, as heir at law, for cash advanced at various times, " to be taken from your portion of my estate, as bequeathed to you in my will," the sum of $12,475.

It also appeared from said entries, that the testator advanced to his daughter, Mrs. Lucretia B. Dimmick, as heir at law, from time to time, "to be taken from your portion of my estate as bequeathed you in my will," the sum of $5,083.84. The acting executor, in making distribution to Joseph R. Benjamin of a part of his absolute interest, undertook to equalize the amounts between Joseph and Lucretia, by adding the amount of $12,475, as charged against Joseph, to the amount of $5,083.84, as charged against Lucretia, dividing the total in half, and deducting from this half ($8.779.42) the amount charged against Lucretia, and required Joseph to pay to her the difference, $3,695.58. This was done

BENJAMIN *v.* DIMMICK.

by the executor's transferring to Lucretia, out of Joseph's distributive share, stock of the value of $3,695.58.

Lucretia B. Dimmick had minor children living, who were represented by special guardian upon the accounting.

Other facts appear sufficiently in the opinion.

OWEN & GRAY, *for executors.*

PATTERSON & MAJOR, *for legatee.*

FRANK D. STURGES, *for legatee.*

THE SURROGATE.—The main, if not the only question to be discussed, is whether the auditor erred in finding that the sums advanced by the testator to his son and daughter, respectively, were ademptions *pro tanto* of their respective legacies. There can be no doubt that a legacy from a parent to a child may be adeemed in whole or in part, and the rule in respect thereof may be deduced from the elementary writers upon the subject, as follows: That where a parent bequeaths a legacy to a child, and afterwards, in his lifetime, gives a portion or makes a gift to or a provision for the same child, even without expressing it to be in lieu of the legacy, if the gift or provision be certain, and not merely contingent, if no other object be pointed out, and if it be *ejusdem generis*, then it will be deemed an ademption of the legacy *in toto*, if greater than or equal to, and *pro tanto*, if less, than the provision by the will. The provision by the will is presumed to be a portion, because it is a provision from a parent for his child, and the subsequent gift of a portion is presumed to be a satisfaction of such portion given by the will, either wholly or in part

(*Story's Eq. Jur.*, § 1111, 1112 ; *Willard's Eq.*, 343, 344 ; 2 *Williams on Executors*, 1143 ; 2 *Redf. on Wills*, 5, 37 ; *Redf. Surr. Pr.*, 329).

In the case of Lawrence's Executors *v.* Lindsay (68 *N. Y.*, 108), where the testator provided, by his will, that any advancements thereafter made and evidenced by entries in his books of account should be deducted, the Court of Appeals held that the fact of advances must be proved by evidence *aliunde*, which, in connection with the books, would prove the fact, and that the entries are not to be taken as true in the absence of such evidence. This decision is of controlling importance in the discussion of the case under consideration, and naturally suggests the question, whether the advancements made by the testator to his son, Joseph R. Benjamin, and to his daughter, Mrs. Lucretia B. Dimmick, were proved by legal and competent evidence.

Joseph R. Benjamin, when examined as a witness, testified without objection by any party in interest, that he not only saw the books in which entries were made of advancements by the testator to him, and in which the intention of the testator was expressed ; that said advancements were to be taken from his portion of the testator's estate, as bequeathed to him in his will, but he also himself, by direction of the testator, and in the testator's presence, made some of the entries. He also received and retained the gifts with a full understanding and knowledge that the testator intended that the same should be taken from the portion of the estate bequeathed to him. He is therefore estopped from controverting the intention of the testator respecting said advancements, and the auditor was clearly right in his

finding, that the sums of money advanced by the testator to his son, Joseph R. Benjamin, were payments on account of the legacy bequeathed to him by the testator, and to the extent of such payments were an ademption of the same.

I consider it very doubtful whether the testator's books of account, which were admitted by the auditor, notwithstanding objections to their admissibility, were properly in evidence, but deem it unnecessary to discuss that question, for the reason, that I have arrived at the conclusion that the advancements claimed to have been made by the testator to Mrs. Dimmick were not legally proved, even if the books are properly in evidence, and such credit given to them as permitted by the decision of the Court of Appeals, in Lawrence's Executors *v.* Lindsay, above quoted. For, by that decision, the fact of advances must be proved by evidence *aliunde* the books, which, in connection with the books, would be sufficient to prove the fact, and the entries in the books are not to be taken as true in the absence of such evidence.

The only other evidence *aliunde* the said books, offered to prove said advancements to Mrs. Dimmick, was the testimony of Mrs. Dimmick herself ; she seemed to have no recollection at all of having received the different amounts charged against her, but was quite sure that in the fall of 1869 she received from her father money in some way, which was given to her by him for the purpose of furnishing her house, and which money, he had previously told her, he would give to her for that purpose. She had no recollection how or through what source the money was given to her, nor what amounts

were so given. Her father told her he would give her $5,000, and her impression was, that, in some way and at some times, but she cannot remember how or at what times, he did give her about $5,000.

This testimony was objected to, on behalf of Mrs. Dimmick and her children, but the auditor admitted it, on the ground that the books of the testator were previously received in evidence, constituting testimony of the testator under the last part of section 399 of the Code, and thereby removing the prohibition against the admission of such testimony.

The point is made by the counsel on behalf of Mrs. Dimmick, and by the special guardian of her children, that she was not a competent witness to prove the fact of the payment of the amounts charged against her, and that her testimony is inadmissible and prohibited by section 399 of the Code of Procedure, for the reason, that it may diminish the estate given to her heirs (that is, her children), to whom her share is given, after the termination of her life estate therein ; and that she cannot thus testify against her own children, who are parties in interest in this proceeding, to transactions between the witness and the deceased testator ; and that the reason given by the auditor for the admission of her testimony, which is, that the testator's books of account are evidence in his behalf, under the latter part of section 399 of the Code, thereby removing the prohibition against the admission of such testimony, does not apply to a case like this.

The provision of the Code referred to by the auditor is in these words : "But this prohibition shall not extend to any transaction or communication as to which

any such executor, &c., shall be examined in his own behalf, *or as to which the testimony of such deceased person* or lunatic, shall be given in evidence." The said books of account were offered in evidence on behalf of the executors, and by their counsel. The executors in a certain sense represent all the parties in interest under the will, and not the testator, or his estate, alone. In what way, therefore, can it properly be said that said books of account constitute testimony on behalf of the testator? The true construction of the latter part of section 399 of the Code, I conceive to be that if the testator has been examined as a witness in his lifetime in any action, suit or proceeding, and such testimony shall be offered and given in evidence after his decease, in any action, suit or proceeding, then the prohibition of said section does not extend to any transaction or communication that shall appear in the testator's testimony so taken in his lifetime. It seems to me to be absurd to hold that *the testimony of a deceased person* can be given in evidence, in any other sense than as above indicated, and the auditor erred in allowing the testimony of Mrs. Lucretia B. Dimmick to be taken as to her transactions and conversations with the testator as against her own children. The exceptions, therefore, to the auditor's report, in this behalf, are well taken, and his finding that the payments to Mrs. Lucretia B. Dimmick of the amounts charged in the testator's books of account were an ademption of her legacy *pro tanto*, should be overruled, for the reason that such payments have not been proved by legal evidence *aliunde* the entries in said books of account.

The finding of the auditor, that the attempted equali-

zation of.the shares of Joseph R. Benjamin and Lucretia B. Dimmick, by the payment to her of the sum of $3,695.58, was erroneous, is clearly correct, but the auditor is wrong in finding that said last mentioned payment was made to Mrs. Dimmick by her brother, the said Joseph ; because it appears from the testimony, that the said payment was made to her by the then acting executor, who deducted the said amount from the share of said Joseph R. Benjamin, and very likely with the assent of the latter.   The auditor's report should be modified in the particulars above mentioned, and in other respects should be confirmed.

The decree to be entered in this matter must provide that the said sum of $12,475, be deducted from the portion bequeathed to Joseph R. Benjamin, and one-third thereof must be added to each of the three shares into which the testator's estate is divided by his will ; and said Joseph must refund to the estate the interest that he has received upon said sum of $12,475, at the rate of seven per cent. from May 25, 1872, to October 11, 1875, and when said executors receive said interest, they must pay the same to the three life tenants, including Joseph, in equal shares.   It must also provide that Mrs. Lucretia B. Dimmick pay back to the estate the said sum of $3,695.58, improvidently paid to her by the executor as aforesaid, with interest at seven per cent. from July 11, 1873, until she pays the same ; and also it should provide and decree that the surviving executors refund to the said Joseph R. Benjamin all the interest on the said $3,695.58.

It follows from the above, that the executor Dimmick is to be credited with the sum of $29,628.42, instead of

the sum of $33,324, as having been paid on account of the distributive share of Joseph R. Benjamin.