JAMES MARSH, Appellant, *v.* JOSEPHINE M. BROWN AND OTHERS, Respondents.

18   319
67   418
18h      319
40 Mis¹295

*Advancement — a mere entry in his books by a testator is insufficient to establish it — Section 829 of the Code of Civil Procedure — when a party may testify as to a personal transaction with the deceased.*

A mere entry by a testator in one of his books is not sufficient to show that he has made an advancement to one of his children, unless the fact of such advancement be established by evidence *aliunde.*

Where, on an application by a child for his share of his father's estate, the executors claim to deduct a sum alleged to have been advanced to him by the deceased, and to prove such advancement, put in evidence an entry made by the testator in one of his books, the child is entitled, under section 829 of the Code of Civil Procedure, to testify in reference to such advancement, and explain or deny such entry.

APPEAL from a decree of the surrogate of the city and county of New York, confirming the report of a referee, denying the claim of the appellant to be allowed the sum of $12,500 from the estate of his father.

James Marsh died in October, 1872, leaving a will which contained, among others, the following provisions :

" Second. I give and bequeath to my said wife, during her natural life, for her own maintenance and support, and for such of the children as remained at home and as aforesaid, all the income from my estate, both real and personal. Subject, however, to the payment out of said income of all taxes, assessments, repairs, insurances, water rents or other charges, and subject also to the payment of the legacies hereinafter mentioned.

" Third. The arrangement in the preceding sections are to be accepted by my wife in lieu of all claim of dower in my real estate.

" Fourth. I desire and direct that after the decease of my wife, that my children share my property equally, share and share alike, but until the final distribution none of them shall receive more than ten thousand dollars ($10,000).

" Fifth. The payments that have been made to the children, out of the estate, are viz. : To Walter has been paid in cash, ten thousand dollars ($10,000). To Josephine has been paid in bonds,

five thousand dollars ($5,000). Josephine is to receive her board and lodging free of charge whilst remaining at home and unmarried, as an equivalent for the larger sum paid Walter ; but should she marry or leave home she shall then be paid out of the estate, the further sum of five thousand dollars ($5,000).

" Sixth. James shall receive the interest on the sum of five thousand dollars ($5,000) and board and lodging free of charge. When he wishes, he shall receive from the estate the sum of ten thousand dollars ($10,000) in cash, at which time the interest on the five thousand dollars ($5,000) and free board and lodging shall cease.

" Seventh. On the decease of my wife, my estate shall be surrendered up to the heirs, to be divided by them among themselves equally, share and share alike, including the descendants of any deceased child, in such a manner that the descendant of any deceased child shall together receive the share to which such child if living would have been entitled."

James claimed that some stock of the American Fertilizer Company, which had been given to him by the testator while living, was not an advancement, and that he should be allowed $12,500 beyond his distributive share.

*E. M. Pavey*, for the appellant.

*G. E. Horne*, *Field & Deyo*, and *Owen & Gray*, for the respondents.

BRADY, P. J. :

The proceedings in this matter are based upon the petition of the appellant, from which it appears, among other things, that the final accounts of the executors had been filed, and referred to Charles Price, as auditor, and that on the accounting the petitioner claimed that he was entitled to $10,000, because it was specifically given to him by the will of his father, and further that his claim was rejected because certain shares of stock in the American Fertilizer Company were transferred by the testator to the petitioner, and were charged against him in the testator's books, as an advancement of $12,500.

The appellant sought by his petition to have the decree, founded upon the report of the auditor, set aside, upon the ground that he had evidence by which he could establish satisfactorily that the entry in the books was not in fact an advance to him. The prayer of the petitioner was granted, and so much of the decree as disallowed the claim was referred for further examination. Upon the reference, and on examination of the appellant, an entry in the books of the testator was shown to be in his handwriting as follows :

Dr.               JAMES MARSH, Jr.

| 1869. Jan. | | 1,39 | 1869. March. | 1869. Ma'ch. | 29. By 10 bds. | |
|---|---|---|---|---|---|---|
| | 1. To 10 bds. Newark, | | | | Newark & O. | ....... |
| | H. Car T. T. | | | | H. Car R. R. | ....... |
| | on act. of int. | 5,00£ | $5,000 | | returned. | $5,000 |
| | in my estate. | | | | | ....... |
| M'ch. | 20. To cash 6 | | | | By 6 mo. int. | ....... |
| | mos. interest | | | | on the above. | $175 |
| | on $5,000. | 1,41 | $175 | | | ....... |
| | | | 5,175 | | | $5,175 |
| 1871. Jan. | 6. To cash J. 52 | | $12,500 | | | ....... |

The appellant had testified on his examination in chief, that he had received from his father or his estate nothing other than the share of the estate on distribution, except his commissions as executor.

He admitted that he had received certain shares of the stock of the American Fertilizer Company, but denied that they were an advance.

There is not in the case any evidence of the value of this stock. Perhaps it may be said there is no evidence on that subject, except that of the petitioner, who said that it was worthless. Whether the item of $12,500, charged against the appellant in the books, is to be regarded as an advance, depends entirely upon the entry, and the collateral proofs tending to sustain its accuracy. After it was put in evidence, the appellant was asked whether it was a correct charge, and the question was objected to, on the ground that it tended to give evidence of a transaction between the witness and James Marsh, deceased, and was therefore contrary to the provisions of section 829 of the Code of Civil Procedure. It was excluded and an exception noted. He was also asked, " Were

you present when that entry was made ?" Same objection, ruling and exception. He was also asked whether he ever saw that entry before his father's death. Same objection, ruling and exception. He was asked if he could explain that entry. Same objection, ruling and exception. He was then asked if he ever received $12,500 in cash from his father. Same objection, ruling and exception.

It was held in the case of *Lawrence* v. *Lindsay* (68 N. Y., 108) that the making of advances must be proved by evidence *aliunde* which, in connection with the books, would be sufficient to prove the fact, and that the entries are not to be taken as true in the absence of such evidence. In other words, proof that the advances were made must be given aside from the entries. And this was held in a case in which the testator provided by will that any advancement made by him to, or for account of his children or either of them, and evidenced by entries in his books of account, should be taken from the amount or charged upon the share of such child or children. In this case these two elements do not concur, except upon the statement of the appellant that he received the shares of the stock of the company mentioned, to an amount equal to that stated in the entry in the testator's books. But the evidence of the appellant upon that subject is accompanied by the statement that the shares so received were worthless.

I do not understand why, when the entry of the testator was put in evidence, it was not susceptible of explanation by the appellant, because, by section 829 it is provided, that where an executor, administrator, committee or person deriving title or interest, is examined in his own behalf, or the testimony of a deceased person is given in evidence, concerning the same transaction or communication, an exception is made to the general rule established by that section, excluding evidence of a transaction with a deceased person.

In this case the entry of the testator was the evidence of a deceased person. It was his declaration that upon the 6th of January, 1871, he had advanced or given in cash to the appellant the sum of $12,500. And the appellant was prohibited by the referee from answering any questions in reference to this, by way of explanation, denial or otherwise.

It was said in the case of *Smith* v.. *Christopher* (3 Hun, 585) that if a party interested testifies to declarations of a deceased person, the prohibition contained in section 399 of the former Code did not apply, and kindred declarations in opposition were admissible. And this seems to be a just and reasonable view of the case under consideration. The testator gave a sum of money by will to the appellant, and when the application was made for it the response was given that he had received the same, as appeared from an entry in the books of his father, the testator, and this was used against him and regarded as conclusive in connection with his testimony that the sum charged against him was in fact certain shares of stock in a company, which were worthless. The right to answer such evidence seems to be expressly given by section 829 of the Code. And on principle and in justice, it seems to be clear that declarations of a deceased person may be met and overcome by similar declarations made to the party in interest. Again, assuming that the shares of stock were designed as an advancement of the sum of $12,500, it must have been upon the supposition that they were worth that amount at the time they were given, and this supposition is overcome by the evidence, which was taken before the referee, and from which it cannot be said that they were worth any such sum. If regarded as an advancement their value only should be charged against the appellant, and this view would seem to render another investigation necessary, even if the construction of section 829 adopted were erroneous. I entertain no doubt, however, of these propositions. And for these reasons think that the decree should be set aside, and further investigation had.

Ordered accordingly.

INGALLS, J., concurred.

Present — BRADY, P. J., and INGALLS, J.

Decree set aside and further investigation directed.