Where a parent gives a legacy to a child, without stating any particular object for which it is given, such legacy is regarded as a portion, and, if the testator afterwards during his lifetime makes a settlement on the child by way of a portion, or makes an advancement, such payment, portion or advancement is a satisfaction of the legacy either pro tanto or in full.

In the matter of the judicial settlement of the account of David W. Weiss, executor of Emilie M. Weiss.　Decree of settlement rendered.

Hampton D. Ewing, special guardian.
Emmet & Robinson, for trust company, as executor.

THOMAS, S.　By the will of the testatrix, executed in 1879, she devised and bequeathed her entire real and personal estate to the New York Life Insurance & Trust Company, as trustee, with directions to divide it into five equal parts, the income of one of which was to be applied to the use of each of her five children during his or her life, with remainder to the person or persons appointed by the last will of such child, or, in case of failure to make such appointment, to the issue of such child, if any, or to the surviving children, if there were no such issue.　A later clause of the will is as follows:

"I authorize and direct the said New York Life Insurance and Trust Company to pay from and out of my estate to my son, on his going into business, and to my daughters, when and as they respectively marry, the sum of five thousand dollars.　Such payments shall be charged against the shares of my children, respectively, to whom they shall, respectively, be made, and shall go in diminution of the trust estate hereinbefore devised for their benefit, respectively."

Subsequent to the making of the will, and in 1885, $5,000 was given by the testatrix to her son on his going into business.　In or about 1889, $3,000 was given by the testatrix to her daughter Clara Emilie at or about the time she was married.　The testatrix died in May, 1898, and another daughter, Grace Evelyn, was then under engagement of marriage, and had received from her about $500, with which to purchase a wedding outfit.　This daughter has since received from the trustee about $4,500, making in all $5,000, as a provision on her marriage.　The daughter Clara Emilie now asks

that $2,000 be paid to her, and charged against the trust fund held for the benefit of herself and her children, so as to make her share amount, with the previous advancement to her, to the sum of $5,000. The trustee is accounting, and desires that its duty as to this be declared by the decree now to be made. The question thus presented cannot be determined upon the statutory provisions as to advancements, since that statute has application only to cases of intestacy. Code Civ. Proc. § 2733; Thompson v. Carmichael, 3 Sandf. Ch. 127; Hays v. Hibbard, 3 Redf. Sur. 28; Clark v. Kingsley, 37 Hun, 246. A well-settled rule as to wills will, however, require the same result in the present case. Whenever a parent gives a legacy to a child, without stating any particular object for which it is given, such legacy is regarded as a portion. And if the testator afterwards, during his own lifetime, makes a settlement upon the child by way of a portion, or pays to him a sum of money by way of a portion, or makes an advancement to him, or gives him a sum of money as an advancement, such payment, portion, or advancement amounts to a satisfaction; or, as is often said, an ademption of the legacy, either pro tanto or in full, as the money thus paid or settled is less than, equal to, or greater than the legacy. This rule is based upon a presumption against double portions; that is, a presumption adopted by courts of equity that a parent, owing a common duty to all his children, could not have intended to distribute his estate unequally among them, and to favor one at the expense of the others. Benjamin v. Dimmick, 4 Redf. Sur. 7, 9; Langdon v. Astor's Ex'rs, 16 N. Y. 9, 34; Burnham v. Comfort, 37 Hun, 216, 220, affirmed 108 N. Y. 535, 539, 15 N. E. 710, 2 Am. St. Rep. 462; In re Turfler's Estate, 1 Misc. Rep. 58, 64, 23 N. Y. Supp. 135; Hine v. Hine, 39 Barb. 507; Woerner, Adm'n, § 448; 1 Pom. Eq. Jur. (2d Ed.) 554. It has been said that the rule has no application to legacies of remainder interests (Hays v. Hibbard, 3 Redf. Sur. 28, 30), and on this ground the special guardian for the infant remaindermen argues that it is not controlling in this case. As to whether the rule would be otherwise if the legacies by the way of advancements were of remainders, it is not necessary now to decide. In this case the advancements directed are of specific sums of money, and not of residues. They will effect a reduction in the amounts of the residues, but that is what always happens when a legacy is paid. Taking the will as a whole, it is saturated with a purpose and wish, plainly in the mind of the testatrix, of treating her children with absolute equality. The payments recited, made by the testatrix in her lifetime, after the date of her will, must be considered as advancements which are to be charged against the principal of the trust shares of the children to whom they were respectively made. The daughter Clara Emilie is now entitled to receive from the principal of the fund held in trust for her the sum of $2,000, being the difference between the amount received by her in 1889 for her wedding and the amount authorized to be paid to the daughters for such purpose by the will.

Decreed accordingly.