(51 Misc. Rep. 136.)

## BOWRAN et al. v. KENT et al.

(Supreme Court, Special Term, New York County. June, 1906.)

1. WILLS—CONSTRUCTION—RIGHTS OF DEVISEES.

Testator by his will gave all his estate to his wife, except a trust for $25,000. A niece of testator's wife, brought up in his family, withdrew her objections thereto on an agreement by the wife to place that amount in trust to her own use for life, the principal, on her death, to be paid to the niece, if living, or to her issue, which agreement further provided that if, on the death of the widow, any share of her estate should pass to her niece, the value of said trust to the niece and her issue should be treated as an advance on the amount of said share, and reckoned accordingly. The widow thereafter executed a will, making no reference to such agreement, and leaving one-fifth of her property in trust for her niece, with remainder over. Owing to a lapse of a trust provision as to another one-fifth, two-fifths of the estate passed under her will to the persons who, under the law, would inherit real estate from her on her death intestate. *Held*, that as the niece, by reason of the death of her mother, became one of the heirs at law of testator's widow and legatee under her will of two forty-fifths of her estate, she was entitled to receive such share undiminished.

2. SAME—EFFECT OF DEVISE.

Where an agreement provided that a certain trust fund should be treated as "an advance on account of any share" a person would acquire on the death of her aunt, and thereafter the aunt made a will, devising to her niece one-fifth of her property, the agreement treating the amount held in trust as an advance was negatived by the devise.

Action by Clara A. Bowran and others against Sara H. Kent and others to construe a will. Judgment rendered.

Augustus N. Hand, for plaintiffs.
Joseph F. Daly, for defendants Sara H. Kent and others.
Charles S. Martin, for defendants Benjamin B. Gottsbage and others.
J. Noble Hayes, guardian ad litem for Dorothy Kent.

BLANCHARD, J. This is an action brought by executors to construe a will in respect to the effect of a prior agreement and to ask for an accounting. Upon the death of James H. Banker, in 1885, his widow offered for probate a will leaving to her all his property, except a trust of $25,000 to her for life, with remainders over. The defendant Sara H. Kent, a niece of Mrs. Banker, who had been brought up as a child in the testator's family, objected to the probate of this will and contended that the real will was another, under which she was given a legacy. Mrs. Kent's objection was withdrawn, however, pursuant to an agreement made in 1885 between Mrs. Banker and Mrs. Kent, by which Mrs. Banker agreed to place $25,000 in trust to the use of herself for life, and on her death to pay over the principal to Mrs. Kent, if then living, or, if deceased, to her issue, per stirpes. The agreement further provided:

"In case upon the decease of Mrs. Banker any share of her estate shall pass to Mrs. Kent, or her issue, the value or benefit of the said trust to Mrs. Kent and her issue shall be treated as an advance upon the account of such share and reckoned accordingly."

In 1897 Mrs. Banker made her will, in which she made no reference to this agreement, but left four-fifths of her property in trust, giving

one-third of one of said fifths in trust for Mrs. Kent, with remainder over to her issue. Owing to a lapse of a trust provision as to another one-fifth, two-fifths passed, according to the will, "to the same person or persons and in the same shares and proportions as by the laws of the state of New York would inherit real estate from me in case I die intestate." At the time of making the agreement in 1885, and at the time the will was made in 1897, Mrs. Kent's mother, one of the heirs at law of Mrs. Banker, was living, but in 1899, prior to the death of Mrs. Banker, she died. By reason of Mrs. Banker's death Mrs. Kent became one of the heirs at law of Mrs. Banker and legatee of two forty-fifths of the real and personal estate of Mrs. Banker, under the clause of the will above quoted.

The plaintiffs and certain of the defendants contend that by reason of the agreement above mentioned Mrs. Kent should bring into hotch pot the $25,000 which she has received thereunder and should receive two forty-fifths of the estate as thus constituted. Mrs. Kent, however, contends that the effect of the clause in the agreement was negatived by the devise and bequest to Mrs. Kent in Mrs. Banker's subsequent will. Great stress has been laid by plaintiffs upon the use of the word "advance" in the agreement of 1885. Doubtless, as was said by Johnson, J., in Chase v. Ewing, 51 Barb. 597, 612, the word "advance" more properly characterizes "a loan or a gift of money advanced to be repaid conditionally," as distinguished from the word "advancement," which designates "money or property given by a father to his children as a portion of his estate and to be taken into account in the final partition or distribution thereof." The word "advance" has been used, loosely, however, by the courts to mean "advancement." Lawrence v. Lindsay, 68 N. Y. 108. It seems improper, therefore, to restrict the word "advance" in the agreement to the technical meaning stated in Chase v. Ewing, supra. In her will Mrs. Banker directed:

"The remaining one equal one-fifth part of the said residuary estate is by the trustees or executors upon my decease to be paid over and transferred absolutely and in fee to the same person or persons and in the same share and proportions as by the laws of the state of New York would inherit real estate from me in case I died intestate."

Mrs. Kent, as one of the persons who would have taken in case of intestacy, is clearly one of the class named by the testatrix as the object of her bounty. As was stated in De Caumont v. Bogert, 36 Hun, 382, 391, the effect of the reference to devolution by intestacy was "to determine who the persons were who should take under the directions contained in the will and the extent of the interest so to be taken." It follows, therefore, that the testatrix must be regarded as intending a gift to Mrs. Kent with the same positiveness of intention that would have been shown by specific mention of Mrs. Kent as legatee. It has been held in this state that a subsequent bequest to a legatee, to whom the testator had made an "advance" or "advancement" upon his or her "apportionment" or "portion," operates to deprive such "advance" or "advancement" of the effect which it has in the event of intestacy, and prevents such "advance" or "advancement" from becoming a charge upon the legacy. In Camp v. Camp, 18 Hun, 217,

the testator, who had advanced various sums to his 10 children and taken receipts therefor acknowledging such sums as part of the recipient's "apportionment," in a subsequent will directed his executors to sell his estate and divide the proceeds equally among his 10 children. The court held that these advancements should not come into account in the division, and said (page 218):

"He had provided that if he should die intestate these advancements would be charged to the parties on the distribution of his estate. But he was clearly at liberty to change his intention in that respect, if such had been his intention. And the way to effect such change was to make a will dividing the property of which he would be the owner at his death equally among his children. This he did."

Similarly, in Arnold v. Haronn, 43 Hun, 278, the testator had advanced to his daughter a sum which was to be deducted from her part of his estate and to be charged to her portion. In a subsequent will the testator left to this daughter the income of four-fifths of his residuary estate for life. The court held that this advancement should not be deducted from the gift to the daughter.

The facts of these cases are indistinguishable from those of the present case, and upon the authority of these decisions the share to which Mrs. Kent is entitled under Mrs. Banker's will must pass to Mrs. Kent undiminished. Pursuant to the request of the parties, consideration of the executors' accounts will be postponed until the attorneys for the several parties have had an opportunity to confer in regard thereto.

Judgment accordingly.