## Zeiter *against* Zeiter.

An ademption of a legacy by an advancement subsequently to the will, may be shown by parol, and, therefore, by the testator's declarations : but if the transaction claimed to have been an advancement, was before the making of the will, it cannot operate as an ademption of the legacy.

ERROR to the common pleas of *Dauphin* county.

This was an action of debt by George Zeiter, executor of Jacob Zeiter deceased, against John Zeiter and Philip Fishburn, founded on six bonds amounting to 165 pounds. The following agreement was entered into :

"The parties in the above stated action being desirous, in consideration of their near relationship, to terminate all litigation between them, do hereby agree to try the said action upon its merits. And for that purpose do waive all legal and technical exceptions that may, might or could be taken or made to the right of action in the plaintiff and liability to be sued in the defendants in the said action, as the same now stands upon the record ; and that if John Zeiter, on a trial, shall be found entitled to a child's share in the estate of his said father Jacob Zeiter, he shall be permitted to retain such share or any part thereof that may be in his hands, and shall not be compelled in that case to pay over the same to the plaintiff for distribution. All which is agreed to by these presents, and directed to be filed in the cause by the prothonotary. Witness their hands, September 1st, 1834." Filed, &c.

The defendant then gave in evidence the will of Jacob Zeiter deceased, which contained this clause.

"And it is further my will, that my three sons Jacob, George and David, or their heirs, shall have the plantation whereon I now dwell, containing two hundred and twenty-five acres, for the sum of 35 dollars per acre, and should the place not be divided in my lifetime, then it is my will that my said three sons shall choose six or nine disinterested men and divide the same equally among them according to the value thereof, but if it cannot be divided into more than two shares without spoiling the whole, then my said sons as they can agree two of them shall take the land and pay immediately the one-third to the other son, and one year after my death, my said three sons shall pay 80 dollars yearly, till the death or marriage of my widow, and then 100 dollars yearly till the whole is paid, but should my sons agree to divide the land, and have occasion to build a house, then they are not to pay any gales for two years, but then the payments again to go on as abovementioned, and should it be the wish of my said wife and children to live together and board

[Zeiter v. Zeiter.]

together, then it is my will that my said sons shall pay no part of what as abovementioned to my said wife during that time, and it is further my will that if my daughter Nancy should remain single she shall have privilege in my house as long as she is single, and to have boarding with my said wife, for which she shall not be charged. *It is further my will that each of my children draw equal shares of my said estate,* and the amount charged in my book against each of my said children to be in part of their shares, it is further my will that my daughter Anna receive out of my said estate 504 dollars, before my daughter Barbara receive any; to make them equal, with each other, and then they are yearly each to receive the sum of 27 pounds 10 shillings till they receive their full shares, as the payments become due from my said sons."

Defendant also gave evidence that George and David, two sons of the testator, took two hundred and twenty-five acres of land at 35 dollars per acre under the will. The administration accounts of the executors were also given in evidence.

The plaintiff then made the following offer:

After the evidence given in the cause, the plaintiff offers to prove that the testator, in his lifetime, sold a plantation to John Zeiter, one of the defendants, on the 5th of June 1819, of one hundred and twenty-four acres and eighteen perches, for the sum of 1861 pounds 13 shillings and 9 pence: that about the time of making his will, he reduced the purchase money to 30 dollars per acre: that he left standing in the place unpaid by the said John, at or near the sum of 1861 dollars, or one half the purchase money at the reduced rate, which he intended as the full share of the said John, in the estate of the testator, and that the testator took bonds for the balance, dated the 30th of March 1822, that being the same year he made his will. The above is offered to be proved by the declarations of the testator.

He further offers to give in evidence the declarations of John Zeiter, the defendant, that since the will of the testator, he might draw two shares out of his father's estate; that the will gave him this power; that he had bought a plantation from his father in his lifetime, and that he had no money to pay for it, and it went hard with him, and asked his father's permission to sell; who objected, and reduced the price so as to make for him what was equal to what he should have gained in the sale, but that now he might draw two shares for one of the rest of his brothers and sisters.

Also that he, the said John, declared each of his father's children should have 700 pounds out of his father's estate, and to make that, his advancement is necessary.

The court rejected said offer, and the evidence contained in it, to which the plaintiff excepted.

The error assigned, was in rejecting the evidence offered by the plaintiff.

*Krause,* for plaintiff in error, cited, 1 *Wash. Rep.* 53 ; 2 *Atk.* 47 ; 3 *Atk.* 77 ; 2 *Rob. on Wills* 39.

*H. Alricks,* contra, cited, 1 *Phil. Ev.* 473 ; Torbert *v.* Sivining, 1 *Yeates* 432 ; Duncan *v.* Duncan et al., 2 *Yeates* 302 ; M'Dermot *v.* The United States Insurance Company, 3 *Serg. & Rawle* 604 ; Iddings *v.* Iddings, 7 *Serg. & Rawle* 111 ; 16 *Serg. & Rawle* 403.

The opinion of the Court was delivered by

GIBSON, C. J.—An advancement subsequent to the will, by a parent or person *in loco parentis,* is considered an ademption, as in Biggtone *v.* Grubb, 2 *Atk.* 48. The act of advancement, as well as the presumption from it, like every other presumption of fact, may be rebutted by proof. So an executor to whom a legacy is given, may rebut the trust of the residue implied from that circumstance for the next of kin ; and the latter may again encounter his proof by proof *ejusdem generis.* But could the fact of advancement be proved by the declarations of the testator ? When contemporaneous with the will, they seem to have always been admissible ; but it was long a contested point, whether his conversations at other times were so. It seems to be at length settled that his parol declarations, both previous and subsequent to the will, are to be admitted under proper qualifications, to rebut *equities* or implied *trusts ;* the difference in respect to these being that declarations at the making of the will are of greater weight than those made subsequently, and the precedent declarations are of less account still. The result of the cases are given in 2 *Roper on Legacies* 576. But can his declarations be let in to rebut an express bequest ? That would be to contradict the will, and cannot be done. An ademption, by subsequent advancement, may be shown by parol, and why not by the testator's declarations ? In Rosewell *v.* Bennet, 3 *Atk.* 77, the declaration of a father who had allowed his executors to lay out 300 pounds in putting out his son apprentice, but who had subsequently laid out 200 pounds in putting him as a clerk to a person in the navy office, were admitted to show that this advancement was an ademption. But as the proof to rebut the presumption of ademption should be clear, so should the proof to raise it. Now, it did not appear from the offer in the case before us, whether the transaction between the testator and his son, which is claimed to be an advancement, occurred before or after the making of the will ; and if before, it is pretty clear that it could not operate as an ademption of a legacy not then given. The evidence offered was, that the testator had sold a plantation to his son, the defendant, and a legatee, and taken the bonds on which suit is brought for the price of it ; that about the time he made his will, he remitted, by way of advancement, a moiety of the purchase money, which he intended to be the defendant's share of his estate ; and that the son had declared that the will allowed him two shares, though the children ought all to be made equal, and that to make

[Zeiter v. Zeiter.]

them so would require his advancement to be brought in. Now, it is what the father did, and not what the son thought, that is material; for if the arrangement were not posterior to the will, the evidence proposed would go to make it mean something very different from what it purports to mean. I was at first inclined to think the evidence admissible, with a direction to disregard it if the jury should believe the transaction preceded the will; but the plaintiffs themselves did not pretend the fact was so. They offered it as having occurred *about* the time; and to have let it go to the jury, would have been to insure the decision of it in a particular way, at all events, from their love of equality. It was therefore properly rejected.

Judgment affirmed.