*Twenty-third Judicial District.*

# In the Orphans' Court of Berks County.

## *In re* SAMUEL KNABB, DECEASED.

B. and wife gave bond to K., which bond stipulated for the payment of interest to K. during his lifetime, and upon the death of K., for the payment of the principal to B.'s wife, who was the daughter of K. In the distribution of the assets of the estate, the testimony of B. and his wife was offered to prove that the money paid by K., which formed the consideration of this bond, was a gift and not an advancement. *Held,* That the disabilities of the witnesses were not removed by the act of 1869, and they were incompetent.

The character of this transaction and the circumstances in which the parties to it stood, warranted the auditor in holding it to be an advancement.

An advancement of personal property must, ordinarily, be made out by proof of the agreement accompanying the gift, if that is available. In the absence of such proof, it must be ascertained from a consideration of the surrounding facts.

**Exceptions to auditor's report.**

Opinion delivered by

WOODWARD, P. J. It appears by this report that the entire amount of the settled estate of the decedent is $29,416.85. This balance includes a bond given by Tobias Barto, dated the 5th day of May, 1870, for $16,000, stipulating for the payment of interest to the decedent at the rate of five per cent. during his life, and for the payment of the principal upon his death to his daughter, Mrs. Deborah Barto, the wife of the obligor. The only other child of the decedent is Mrs. Mary Ann Schneider, and she and Mrs. Barto are the parties to this controversy. In the distribution of the assets of the estate, the auditor decided that the money furnished by the decedent which formed the consideration of this bond, was an advancement, in accordance with the claim asserted on behalf of Mrs. Schneider, and not a gift, as was insisted upon by Mrs. Barto. At the hearing before the auditor, Mr. and Mrs. Barto were offered as witnesses, to prove that the moneys paid by Mr. Knabb were designed to be a gift, and the rejection of their testimony is made ground for exception. . Were the exceptants competent witnesses ? They clearly were not under the law, as it stood before the recent statutes modifying the rules of evidence were passed, and this is a question involving not the construction of those statutes, but their application. The admissibility of the testimony was contended for under the authority of Rowley *v.* McHugh, 16 P. F. S. 269, and Craig *v* Brendel, 19 P. F. S. 153.

Rowley *v.* McHugh was an ejectment by a husband and wife, for land sold by a sheriff on a judgment against the husband, the title to which the wife claimed. The suit was between living parties, and rested upon no contract in which the wife could have been interested. She was declared to have been made a competent witness by the act of the 15th of April 1869. Craig *v.* Brendel was an ejectment also. Craig had purchased

land under a judgment against Brendel, the title being in Brendel's wife. After the suit was brought Craig died. On the trial Brendel was permitted to testify that his wife had purchased the property with her own money. Here also there had never been any privity of relation between Craig and the wife, and the husband was admitted on the ground that he was not a party in interest, and was called to testify to no thing, contract or transaction in which he and Craig had been concerned. The simple question in this proceeding is, whether the disabilities of the exceptants have been removed by the act of 1869. The statute has created no disqualification. It is an enabling one throughout. But comprehensive as are its terms and scope, it does not reach these parties. It declares expressly that "it shall not apply to actions by or against executors, administrators or guardians, nor where the assignor of the thing or contract in action may be dead." Both Mr. and Mrs. Barto were parties to, and Mrs. Barto's claim is asserted under the bond which is the subject matter of this controversy. In Diehl *v.* Emig, 15 P. F. S. 320, an ejectment was brought by husband and wife for land alleged to have been conveyed by her father to her, by a deed which had been lost. On the trial, the husband was offered as a witness to prove occurrences that took place after the death of the grantor. The wife was offered to prove acts and declarations of her father in relation to the missing deed. The supreme court decided that under the act of 1869, neither was competent to testify, but that under the act of the 9th of April, 1870, while they could be witnesses to no facts transpiring in the grantor's lifetime, they could be allowed to prove matters occurring subsequently to his death. There is nothing in Rowley *v.* McHugh, and nothing in Craig *v.* Brendel to impair the authority of Diehl *v.* Emig. To have admitted the testimony of the exceptants would have been a violation of the letter, as well as the spirit of the acts of assembly, and the auditor was right in deciding that they were incompetent. There is more apparent difficulty in the points presented by the exceptions to the admission by the auditor, of proof of Mr. Knabb's declarations after the bond was executed. It may be, however, that the difficulty is not intrinsic, but arises from the attempt to confound a class of cases where the question was one of an advancement or a debt, with another class of cases where the question was one of an advancement or a gift. In Wentz *v.* DeHaven, 1 S. & R. 312, a mortgagee gave an unsealed written release to his son-in-law, certifying that he held a bond and mortgage against him, which he intended to give up, and never intended to demand. This was held to be an absolute and immediate discharge of the debt, and an advancement to the daughter of the mortgagee, who was the wife of the mortgagor. This was in the line of the authority of Martin *v.* Mowlin, 2 Burr 978, in which Lord Mansfield held that the forgiving of a mortgage debt even by parol, would draw the lands after it as a consequence. In Miller's Appeal, 4 Wright 57, it was said in the opinion of the supreme court, that such a certificate as that

given in Wentz *v.* DeHaven would not now be held a release. Yet the authority of the latter case has repeatedly been recognized in decisions made since, as well as before Miller's Appeal. In Mast's Appeal, 4 Wright 24, in an opinion contained in the same book, written by the same judge, and delivered the same day as Miller's Appeal, Wentz *v.* DeHaven was expressly relied upon and re-stated, as ground for the decision of a question of advancement. In Hughes' Appeal, 7 P. F. S. 179, Justice Agnew spoke of the "considerable stress" that had been laid in the argument upon Miller's Appeal, "owing to inadvertence to the different grounds upon which debts and advancements stand." While the points ruled in the case would not be controverted, it is probable that many of the *dicta* in the opinion in Miller's Appeal, would be disregarded by the supreme court in considering a question of advancement, when the corelative would be a gift, and not a debt.

While the subject does not appear to have been distinctively discussed and settled, evidence of the same general character as that excepted to here, has been apparently acted upon by the courts. In Zeiter *v.* Zeiter, 4 Watts 212, evidence was said to be admissible of a testator's declarations made subsequently to the execution of his will, proving an advancement in order to establish the ademption of a legacy which the will bequeathed. Levering *v.* Rittenhouse, 4 Wharton 130, decided that a parent's declarations that he had advanced a child were inadmissible without other evidence showing what the advancement consisted of, together with its value. "When," Justice Kennedy said in that case, "evidence has been given tending to prove that a child had received money to any amount, the declarations of the parent generally may be evidence to show *quo animo*, the money was advanced." In Haverstock *v.* Sarbach, 1 W. & S. 390, the question was one involving the conversion of a debt owing by a son to his father, which was secured by a legal instrument in full force, into an advancement, and it was held that loose declarations of the father could not be received for that purpose, when not substantiated by writing, not made to the son, not assented to by him, and not accompanied by any acts. In Lawson's Appeal, 11 Harris 85, a father had given up his business as a lumber merchant, his yard and his stock on hand to his sons. The value of his estate was ascertained to be $25,000, and the value of the property transferred to his sons was about $5,000. There was testimony to his declarations that "he had given it to his boys," that "he had presented them with it," and that they were to pay no rent for the yard beyond the taxes. Upon distribution of the father's estate, it was held that these declarations established a gift, and not an advancement. In Weaver's Appeal, 7 P. F. S. 309, where a son had received $1,000 from his father fifteen years before his father's death, evidence was received of the declarations of both the parties as to the character of the transaction, made after the money was advanced. In view of the general tendency of

the authorities, the court cannot say that the auditor erred in admitting the testimony of Mr. Griesemer and Mr. Sassaman. This case, like Oller *v.* Bonebrake, 15 P. F. S. 338, is "not an effort to turn what was prima facie a debt into an advancement." It raises the question, whether a provision made by a father for his daughter, was an advancement or a gift. The ruling of the auditor on this branch of the case was probably accurate.

But apart from the question of evidence presented by the record, was not this transaction one which, upon its face, the auditor was justified in treating as an advancement? The bond was for a sum exceeding the full half of Mr. Knabb's fortune. If a gift was intended, the effect would be to vest four-fifths of the estate in one of two daughters, and one-fifth in the other. Upon this general subject, the course of decision of the supreme court appears to have been uniform. In Daniel King's estate, 6 Wharton 370, a father, whose estate amounted to $120,000, had given to his daughter, upon her marriage, furniture to the value of $1,132. In deciding the case, Justice Sergeant said :—"If there be no evidence at all on the subject, then whether it was a present or an advancement may be judged of by its amount and character. In Weaver's Appeal, supra, where $1,000 had been given by a father to his son, it was said in the opinion of the supreme court that "advancement is always a question of intention. When there is no evidence of what occurred at the time the money or other valuable was given and received, the surrounding circumstances are to be considered in determining whether it ought to be treated as a loan, a gift, or an advancement." Looking into the character of this transaction, and into the circumstances in which the parties to it stood, it is believed that the auditor was warranted in holding it to be an advancement. Giving full effect to the testimony of Mr. Hawley, that would not reach the extent of converting it into a gift. There was nothing in the declarations of Mr. Knabb which Mr. Hawley proved, that was not reconcilable with the theory the auditor adopted, and that the provisions of the bond would not themselves imply.

The view expressed by the counsel for the exceptants that cases where land has been settled upon children, either by conveyance or by payment of purchase money, are distinguishable from those where personal property has been transferred, is concurred in by the court. The gift of land is a "settlement" under the terms of the act of assembly, and its character is demonstrated when the fact that it has been given has been proved. No reliance is placed, therefore, in disposing of this record, upon such cases as Phillips *v.* Gregg, 10 Watts, 158, Murphy *v.* Nathans, 10 Wright, 508, and Dutch's appeal, 7 P. F. S., 461, which were referred to at the argument. An advancement of personal property must, ordinarily, be made out by proof of the agreement accompanying the gift, if that is available. In the absence of such proof, it must be ascertained from a consideration of the surrounding facts. Where, however, provision is

·made for a child in any such form as those stated in Edwards *v.* Freeman, 2· P. Wms., 440-449, by covenants in marriage articles assigning the ·estate for the use of the issue of the marriage ; by the grant of an annuity ·to take effect in favor of the child after the parents death ; or by·securing ·a portion to a child to be paid *in futuro*, the provisions would amount to ·a "settlement" as distinctly, and would indicate an advancement as clearly ·as a deed conveying land. The present case partakes more of the features ·of Edwards *v.* Freeman than any one of the Pennsylvania authorities that ·have been quoted, and its facts would seem to require here the application ·of the legal rules that were established there.

The exceptions are overruled, and the report is confirmed.

*B. F. Boyer* and *Geo. F. Baer*, Esqrs., for exceptant, Mrs. Barto ; Hon. *B. Markley Boyer* and *G. R. Fox*, Esq., for Mrs. Schneider ; *A. S. Sassaman*, Esq., for accountant ; *A. B. Wanner*, Esq., auditor.