New York County.— HON. D. C. CALVIN, Surrogate.—
March, 1877.

## HAYS v. HIBBARD.

*In the matter of the final accounting of* WILLIAM F.
HIBBARD *and* CORNELIA G. HAYS *as executor and
executrix of* WILLIAM HIBBARD, *deceased.*

The provision of the *Revised Statutes* (2 R. S. 96, §§ 75, 76, 77) in regard to
advancements, does not apply, except in cases of total or partial intes-
tacy; and not to advancements made to a residuary legatee.

The principle of ademption does not apply to residuary legacies.

THIS was a proceeding for the final accounting of
William F. Hibbard, executor, and Cornelia G. Hays,
executrix, of the will of William Hibbard, deceased.
Said executor and executrix, each being a residuary
legatee under said will, filed separate accounts, to which
objections were filed.

Among the specific objections by the executrix is
one that the executor has not charged himself in his
account with monies advanced to him by the testator,
on account of his share of the estate, amounting to,
as is alleged, according to the schedule annexed to
said objections, something over $54,000. In addition
to the formal objections in schedule F of the execu-
trix's account, she states in substance that the testa-
tor in his lifetime made advancements to his son
William, aggregating more than $40,000, and in the
same way made advances to his daughter, the execu-
trix, to the amount of about $4,000, and she claims
that such advances should be equalized, and that the

testator intended such advances to be charged to the children after his death, and that neither was to receive more of his estate than the other.

The sixth clause of the will is as follows : —

" All the rest, residue, and the remainder of my " estate I leave to the disposal of my beloved wife " Maria S. Hibbard aforesaid, for her sole benefit, and " control, and nevertheless in trust for our said children " Cornelia G. and William F.; the rents, dividends, " interests, and profits to be to my said wife during " her lifetime, on her death the whole to be equally . " divided between our said children aforesaid, share " and share alike."

DeWitt, Lockman *and* Kip, *for executor.*

Hays *and* Freeman, *for executrix.*

The Surrogate.— The *Revised Statutes* contain a provision for advancements to be set off, if made to any child of an *intestate.* (1 *Rev. Stat.*, 754, § 23.) The 75th section provides for the order of distribution in case of intestacy, and the term deceased intestate, or deceased testator where a portion of the estate is not bequeathed, is used, and by section 76 and 77, it is provided that if a child of the deceased person shall have been advanced, the value thereof shall be reckoned, and if the advancements amount to the share distributable to the child, such child shall be excluded from any share of the distribution of such surplus of the personal estate, and if not equal to such amount then the child &c., is made entitled to so much as shall make the share equal, and the question is whether they apply to cases other than *intestacy.*

The 78th section provides that the aforesaid sections shall not apply in any case where there shall be any real estate of the intestate to descend to his heirs.

In Thompson *v.* Carmichael, (3 *Sandf. Ch.*, 120) it seems to be assumed that the sections under consideration are applicable only to a case of intestacy, and the expression in section 76 "*if* any child of *such* deceased person," evidently refers to the deceased persons mentioned in section 75, which are, first, the *intestate* deceased, or deceased persons leaving a will and *property not bequeathed*, and it seems to me that there is abundant reason for this interpretation, and that it is because the testator, when he makes a general disposition of his property by will, would be likely to make some reference to his intention, in respect to any advancement he may have made to his children, and that in the absence of any such provision, the presumption is that his bounty is conferred with reference to what he may have advanced prior thereto.

The next question for consideration is whether the legacy to William F. Hibbard, one of the residuary legatees, can be regarded as *adeemed* by the advancement aforesaid, but I am of the opinion that the principle of ademption does not apply to a residuary legacy. In *Roper on Legacies* (p. 376,) it is stated as a fourth exception to the general rule of presumptive advancement where the bequest is uncertain in amount, that the devise of the residue, or of part of a residue to a child is not adeemed by a subsequent advancement upon the legatee's marriage, &c. (And see 2 *Williams on Executors*, 1143.)

From these authorities it seems to me entirely clear

that the question of advancement should not be included in the questions submitted to the auditor in this case:

*First,* because it is not a case of intestacy in whole, or in part; and

*Second,* because the legacy is residuary and therefore not adeemed even *pro tanto.*

Let an order referring the case to an auditor be submitted.