# Cases

# FOURTH DEPARTMENT,

AT

## GENERAL TERM,

### September, 1885.

HARRIET BURNHAM, Respondent, v. OLIVER T. COMFORT, Appellant.

*Will — devise of land — when not revoked or satisfied by the payment by the testator of money to the devisee, although it be paid with intent so to do — ademption.*

By a will, made 1863, Oliver Comfort gave a life estate in certain land to his brother Robert for life, and the remainder therein to the plaintiff, his daughter; all the rest and residue of his estate he gave to the defendant, a son. Before the making of the will he had given to his children, other than those mentioned, what he and they treated as their share in his estate then possessed by him or thereafter to be acquired, and had taken receipts therefor from them expressing such intent and purpose. In 1864 he made a similar arrangement with the plaintiff, giving her $500 and taking an unsealed receipt, signed by her in the presence of a witness, by which she acknowledged the receipt of the said money as her part of her father's estate up to that time, and all such other property as he might accumulate up to the time of his decease. The testator died in 1879 without having altered his will.

Upon the trial of this action, brought by the plaintiff to recover the possession of the land from the defendant, who had entered into possession thereof upon the death of the testator's brother Robert in 1881, the court found that the $500 was paid and received with the intent that it should take the place and be in lieu of the devise of the said remainder.

*Held*, that the devise was not revoked nor satisfied by the payment of the said money under the said agreement and that the plaintiff was entitled to recover.*
(FOLLETT, J., dissenting.)

The doctrine of ademption applies only to legacies.

APPEAL from a judgment in favor of the plaintiff, entered upon the trial of this action by the court without a jury.

* See *post*, page 246.

In 1863 Oliver Comfort, the father of the parties to this action, made his will, by which he gave a life estate in the houses and lots in controversy to his brother Robert Comfort, and the remainder thereof to the plaintiff. He gave his home, farm and all the rest and residue of his estate, to the defendant and made him one of his executors. Before making such will the testator had paid to his children, other than the parties hereto, what he and they treated as their share in his estate, then possessed or thereafter to be acquired, and they had severally given receipts therefor expressing such purpose and intent. These other children received nothing under the will, except a share of the household furniture after their mother's death.

In 1864 the testator made a similar arrangement with the plaintiff, giving her $500 and taking from her a receipt in the words and figures following:

"Received of Oliver Comfort five hundred dollars, which money I receive as my part of my father's estate up to this time, and all such other property as he may accumulate up to his decease.

"In witness whereof I have hereunto subscribed my name.

"Dated at SOUTHPORT, *May* 14, 1864.

"500.00.    [$\begin{smallmatrix} \text{U. S.} \\ \text{stamp.} \end{smallmatrix}$]                HARRIET BURNHAM.

"In presence of LAWRENCE LAIN."

The testator paid the said money, and the plaintiff received the same with the intent (as the learned justice found) that it should take the place and be in lieu of the devise of the remainder of the premises in controversy as contained in said will. Nevertheless the will remained unaltered during the remainder of the testator's life. He died in 1879. Robert Comfort, the life tenant, was in the possession of the property from 1879 until his death in 1881, when the defendant entered into the possession thereof, and refused to surrender the same on demand made by the plaintiff. The plaintiff, on request, refused to execute a quit-claim deed of the premises to the defendant. This action is one of ejectment. The plaintiff claims title under the provision of the will so made in 1863, and admitted to probate after the testator's death. The defendant claims title as residuary devisee under said will in pursuance of the arrangement made between the testator and plaintiff in 1864. The

court held and decided that the will was valid and that the devise
to plaintiff was not revoked by anything done by the testator, nor
was it adempted by the payment to the plaintiff of the $500 as
above stated. Judgment was ordered for the plaintiff, from which
the defendant appealed to this court.

*Smith & Robertson*, for the appellant.

*Hill & Stanchfield*, for the respondent.

BOARDMAN, J.:

If the testator had given the plaintiff a legacy of $500 instead of
the devise of land stated in the will, the payment made by him
May 14, 1864, to plaintiff, would have adeemed or satisfied the
legacy. We may, therefore, pass by or disregard all authorities
founded upon satisfaction of legacies.

It cannot be treated as a case of advancement because that is allowed
only in case of intestacy. (1 R. S. [Edm. ed., 705], p. * 754, § 23 ;
4 Kent's Com., pp. * 418, 419 ; *Thompson* v. *Carmichael*, 3 Sandf.
Ch., 120.) Here the property was wholly disposed of by will, and
no right reserved therein, as in *Langdon* v. *Astor's Exrs.* (16 N.
Y., 1), to qualify or modify any of its provisions. The transaction
between the plaintiff and her father has no element of estoppel in
favor of the defendant. The latter was in no sense a party to the
act done. He parted with nothing. His property was not affected
thereby, and he did no act relying upon the acts or declarations of
the plaintiff or her father. (*Winegar* v. *Fowler*, 82 N. Y., 315.)
If the receipt of plaintiff may be treated as a contract with the tes-
tator, it does not enure to the benefit of the defendant. He was not
a party to it and acquired no rights under it. All it provided for
was this; that plaintiff could not claim as a matter of right any
further recognition, but if her father saw fit to allow her to receive
greater favors under his will, the contract did not forbid it.

The question then comes down to this, was the devise to plaintiff,
satisfied by the payment of the $500, in May, 1864 ? There is no
logical reason why a money payment ought not to satisfy a devise
as well as a legacy where such was the purpose and intent of the
parties as here. But so far as authorities can be found they are
hostile to such a doctrine. The case of *Davys* v. *Boucher* (3 Young

& Collier [Exch.], 397, etc.) states that the principle of ademption by subsequent portion has not been applied to devises of real estate. That authority has been often recognized as correct. Bouvier, in his Law Dictionary, says "an advancement will not be considered an ademption where the devise is of real estate." In 2 Redfield on Wills, 441, *Davys* v. *Boucher* is cited with approval on this subject. So, also, in 2 Williams on Executors (5th Am. ed., 1202, or 7th London ed., 1335). The same principle is also sustained in *Weston* v. *Johnson* (48 Ind., 1), again citing *Davys* v. *Boucher*. Other cases are cited by respondent's counsel to the same effect, but as they are not accessible to me, I cannot verify them. The authorities are abundant to show that satisfaction applies only to legacies. (Willard on Exrs. 351; Bouv. Law Dic., Ademption; *Landon* v. *Astor's Exrs.* 16 N. Y., 1; S. C., 3 Duer, 541; 1 Roper on Legacies, 365.)

In the case under consideration the testator retained the absolute legal right to give the plaintiff the real estate in controversy notwithstanding the arrangement of May 14, 1864. If his will had been made after that date, no doubt could exist of the validity of the devise. But the will made in 1863 continued to exist in the same form as it now is until the death of the testator in 1879, a period of fifteen years. We must presume the testator knew the consequence of such act and intended it. The will speaks as of the date of the testator's death and not of the date of its execution. The fact, that the provision for the plaintiff remained unrevoked for so many years, must be some and perhaps strong evidence of the testator's intention that plaintiff should have the land as originally given to her by the will.

Wills of real estate and wills of personal estate are now executed with the same formalities. Formerly it was otherwise, and far greater importance was attached to a will of real estate. The provisions of a will of personal property might be anticipated, but not so in case of wills of real estate. Besides, upon proof of a will of real estate the title passes by virtue of the devise in the will contained. It is a written title of record, when the will has been probated. If such title could be attacked by parol proof of acts and declarations of the testator and others in hostility to the terms of the will, title to lands might be put in great jeopardy. Very likely such considerations may have contributed to establish the legal

principle applicable to this case, that a devise of land cannot be satisfied by the payment of money even where both parties to the transaction so intend. This of course does not touch contracts made between a parent and child for the benefit of and to be enforced by other children. Such contracts stand on quite a different basis.

The judgment must be affirmed, with costs.

HARDIN, P. J., concurred.

FOLLETT, J. (dissenting):

The doctrine of advancements relates solely to cases of total or partial intestacy. (*Thompson* v. *Carmichael*, 3 Sandf. Ch., 120; *Hays* v. *Hibbard*, 3 Redf., 28; Willard on Exrs., 401; Dayton's Sur. [3d ed.], 563; Redf. Sur. [2d ed.], 569; 2 Will. Exrs. [6th Am. ed.], 1608.) Advancements are equalized solely by virtue of statutes, and the decisions relating to this subject are inapplicable to this case.

In many of the text-books, and in many of the reported cases, the words "ademption" and "satisfaction" are inaccurately used as synonyms; but they are not, each being descriptive of a distinct state of facts. When a testator devises or bequeaths specific property which he subsequently disposes of, or if the thing devised or bequeathed is not in existence at his death, the devise or legacy is adeemed or cut off. But when a legatee, subsequent to the execution of the will, receives from the testator property in lieu of the devise or legacy, the devise or legacy is satisfied. (2 Will. Exrs. [6th Am. ed.], 1428; 2 Redf. on Wills, 431; Whar. Law Dic.; Webster's Dic.; Pom. Eq. Juris., § 524; *Beck* v. *McGillis*, 9 Barb., 35, 56; *Ford* v. *Ford*, 23 N. H., 212.) Other authorities, as well as some of those cited, give other significations to these words, but in this case they will be used in the sense above indicated. When a testator divides his estate by will between his children, or between those to whom he stands in *loco parentis*, the subsequent receipt by one of the children of an amount greater than or equal to his legacy will be presumed to have been received in satisfaction of the legacy. If the amount received is less than the legacy, it will be presumed to be a satisfaction *pro tanto ;* but if the difference is slight, it may be presumed to be a complete

satisfaction. These presumptions are all rebuttible. Many of the cases relating to this subject turn exclusively upon what the court will presume to have been the testator's intention in the absence of direct proof of his intention. Such cases are not germane to the question involved in this contention (Pom. Eq. Juris., §§ 523, 572) and need not be specially considered, for in this case it is positively proved, and affirmatively found by the court, that the sum was paid by the testator and received by the devisee upon the mutual agreement that it should be in satisfaction of the devise.

The sole question in this case is, was the testator's specific devise satisfied by the subsequent receipt of $500 upon the mutual agreement of the testator and devisee that the sum was paid and received in satisfaction of the devise, which agreement is evidenced by an unsealed written instrument executed by the devisee in the presence of a subscribing witness.

In *Davys* v. *Boucher* (13 Y. & C., 397; S. C., 3 Jurist, 674) it was said: "But, as far as my researches have extended, I do not find any instance of this principle (satisfaction) having been extended to devises of real estate, and I think so to extend it would be to repeal that provision of the Statute of Frauds which applies to the revocation of wills of real estate."

The sixth section of the English Statute of Frauds (29 Car., 2, chap. 3) provides: "Section 6. And moreover no devise in writing of lands, tenements or hereditaments, nor any clause thereof, shall at any time after the said four and twentieth day of June (June 24, 1677) be revocable, otherwise than by some other will or codicil in writing, or other writing declaring the same, or by burning, canceling, tearing or obliterating the same by the testator himself, or in his presence and by his directions and consent; (2), but all devises and bequests of lands and tenements shall remain and continue in force until the same be burnt, canceled, torn or obliterated by the testator, or by his directions, in manner aforesaid, or unless the same be altered by some other will or codicil in writing, or other writing of the devisor, signed in the presence of three or four witnesses declaring the same; any former law or usage to the contrary nothwithstanding."

This section, so far as it relates to the revocation or alteration of devises, was repealed by section 2, chapter 26, 1 Victoria, and the

revocation and alteration of wills of realty and of personalty were placed on the same footing by the twentieth section.

The facts out of which *Davys* v. *Boucher* arose occurred prior to chapter 126, 1 Victoria, though it was decided afterwards. The case was decided by a single judge at an equity term and was not reviewed. All of the subsequent cases, and the remarks of text writers approving of the doctrine that a devise cannot be satisfied by a subsequent advance of money, rest upon the authority of this case. *Davys* v. *Boucher* has been completely overthrown in England, in so far as it declares that a subsequent advancement will not operate as a satisfaction in full or in part of a devise or bequest of a residue. (*Meinertzagen* v. *Walters*, L. R., 7 Ch. App. Cases, 670; Pom. Eq. Juris., § 558; 2 Will. Exrs. [6th Am. ed.], 1442.)

In *Clark* v. *Jetton* (5 Sneed, 229) the testator, after a devise and bequest to his wife, divided the residue of his estate equally between his children. Subsequent to the execution of his will he executed deeds of gift to several of his children. After the testator's death the children, who had not received deeds of gift, sought to have the deeds of gift declared to be satisfactions of the devises, which was refused upon the ground, now denied in England (Pom. Eq. Juris., § 558; 2 Will. Exrs. [6th Am. ed.], 1442), that a devise of a residue, or of a part of a residue, to a child, is not satisfied by a subsequent gift to a devisee, and it is said: "This doctrine of ademption does not apply to real estate, nor to legacies and gifts to others than children, or those who stand in that relation, in cases of general legacies. This distinction rests upon artificial reasons, the justice and propriety of which are not very clear, nor the reasons on which it is founded approved." (Page 236.) There was no evidence that the deeds of gift were intended by the testator as satisfactions of the devises, the case turning wholly on what the court should presume.

In *Thomas* v. *Capps* (5 Bush [Ky.], 273) the testator devised all of the land which he then owned to his grand-children, to be equally divided between them. Subsequently, he acquired and conveyed other lands to one of his grand-children. It was held that the conveyance did not satisfy the devise, on the ground that the facts and circumstances disclosed by the evidence, did not warrant the conclusion that the conveyance was intended as a satisfaction of the devise. The court, however, distinctly recognized the applicability

of the doctrine, that a devise of real estate may be subsequently satisfied. "The principle, therefore, that where a testator devises his real estate among his children in undivided shares, and afterwards conveys part of it to one of them, the conveyance is presumed to have been intended as a satisfaction, and ademption of the devise, does not apply to this case." (Page 276.)

In *Weston* v. *Johnson* (48 Ind., 1) one-fourth of section 22 was devised to Francis Weston, and one-fourth of section 23 to Cary J. Munger, grand-children of the testator. Subsequently, the testator conveyed one-fourth of section 23 to Weston, who upon the testator's death claimed both parcels; one under the will, and the other under the deed. The testator's heirs-at-law sought to recover the part of section 22 devised to Weston, on the ground that the conveyance of part of section 23 was a satisfaction of the devise. The judgment in this case is placed on three grounds: (1.) The devise being to a grand-child, to whom the testator did not stand in *loco parentis*, the presumption against double portions did not arise, as in the case of children. (Pages 5 and 6.) (2.) There was no evidence tending to show that testator intended the land conveyed, should be in lieu of the land devised (page 3), and the fact that Weston so understood it was unimportant. (Page 5.) (3.) "We are not aware that the doctrine of the ademption of legacies by subsequent advancement, has ever been applied to specific legacies, and if it is not applicable to specific legacies, it certainly cannot be to specific devises." (Page 6.) *Davys* v. *Boucher* (*supra*) and *Clark* v. *Jetton* (*supra*) are cited in support of the last proposition. The proposition last quoted is obscure, because the distinction between presumption of intent and proof of intent, is not observed, and because "ademption" is used instead of "satisfaction." The term "ademption" has long and universally been used as descriptive of the fact that a bequest of a specific legacy, or a devise of a particular piece of land, has become inoperative because the particular thing bequeathed or devised, was not owned by the testator at his death (2 Will. Exrs. [6th Am. ed.], 1428; Redf. Wills, 430).

If a portrait is bequeathed, or a definite piece of land is devised, a subsequent advance of other property or of money, is not *presumed* to be a satisfaction of the specific legacy, or of the specific devise.

Taken in this sense the proposition is correct; but this case is not an authority for the proposition, that a specific legacy or a specific devise cannot be satisfied by a subsequent advance of other property or of money, upon the mutual agreement of the testator and legatee, or devisee, that the advance is made and received in satisfaction.

In *Allen* v. *Allen* (13 S. Car., 512), the testator devised and bequeathed all of his estate to fourteen persons (his widow, children and grandchildren). Some received devises and others legacies. Two of the daughters, Mrs. McCalla and Mrs. Watson, were devised farms. Subsequently, they gave the testator receipts acknowledging that they had received their shares in full for their interests in the farms willed to them. It was held that the legacies were satisfied by the subsequent advances of money, but that the devises were not. The court said (p. 527) : " It would seem that, upon the same principles, devises of real estate ought likewise to be adeemed (if such a term can, with any propriety, be applied to devises) by subsequent payments to the devisees with the intention of producing that result ; but it is conceded that the doctrine of ademption has never been applied to devises of real estate, and, in the absence of any authority, we do not feel justified in disregarding the well established line which has for ages been drawn between real and personal estate, even though we may be thereby compelled to thwart the obvious intention of the testator and disturb that distribution of his property which he thought was proper and just to his descendants. For while the intention of the testator is the cardinal rule of construction of a will, yet such intention cannot be given effect where it is in conflict with the rules of law. A devise of real estate cannot, like a pecuniary legacy, be affected by any subsequent transactions between the testator and the devisee, but must stand until it is revoked or altered in the manner prescribed by law."

This case supports the plaintiff's position, but it is contrary to the judgment of the court deciding it, and it is rested wholly upon the rule of *stare decisis*. The cases cited do not support the proposition quoted, and the judgment, so far as it rests on that proposition, is not sustained by principle or authority.

In *Swoope's Appeal* (27 Penn. St., 58), the legacy was held not satisfied, on the ground that the legatee acquired no title to the land which it is alleged the legatee received in satisfaction.

Again, this was not a devise, but a legacy, and the case is not in point.

In *Dugan* v. *Hollins* (4 Md. Ch. Dec., 139), it was held that the subsequent gift of a house to one of several sons, will not be presumed to be a satisfaction of a pecuniary legacy, upon the ground that the testamentary provision and the subsequent advancement were not *ejusdem generis*. Such is the well established rule.

This case is in harmony with the authorities cited by the learned counsel for the respondent in support of the rule that land will not be *presumed* to be intended as a satisfaction for money, nor money for land (2 Leading Cases in Eq. [Am. ed., of 1877], 764; *Bellasis* v. *Uthwatt*, 1 Atk., 428; *Grave* v. *Salisbury*, 1 Bro. C. C., 425). The rule declared in these cases is not related to the rule applicable to a subsequent advancement, unlike the testamentary provision, received upon the mutual agreement of the testator and legatee that it is in satisfaction. The distinction between what the court will presume, and what it will hold in a case in which the testator's intention is positively proved, must be constantly borne in mind. When there is a mutual written agreement, the court will not indulge in presumptions, or receive extrinsic oral evidence of the testator's intentions, but will determine the case by the agreement. (Pom. Eq. Juris., § 572.)

Under the statutes of this State (2 R. S., 64, § 42) a will devising realty may be altered or revoked in the same way that a will bequeathing personalty may be altered or revoked. Since the passage of this statute, and since 1 Victoria (chap. 26), it has been so generally held that it may be regarded as settled in this State and in England, that parol evidence of the satisfaction of a legacy may be given without violating those statutes, because it is not proving a revocation or alteration of the will, nor is it in contradiction of the testator's declared intention, but is evidence of a subsequent transaction, showing that the testator has partly carried his will into effect in his lifetime. (*Langdon* v. *Astor's Exrs.*, 16 N. Y., 9, 39, 49; *Kirk* v. *Eddowes*, 3 Hare, 508; 2 Whar. Ev., § 1007; 2 Taylor's Ev. [6th ed.], 998, 1048; 1 Greenl. Ev., § 296; Abb. Tr. Ev., 148; Gresley's Ev., 297; 2 Will. Exrs. [6th Am. ed.], 1443; 2 Redf. Wills, 442.)

The Superior Court held, in *Langdon* v. *Astor's Executors* (3

Duer, 477), that admitting parol evidence violated the section of the Revised Statutes above cited, citing *Davys* v. *Boucher*. The judgment was reversed in the Court of Appeals, where it was said (16 N. Y., 49) : " I think that a satisfaction of a bequest, by an advancement by the testator, is neither a revocation of the bequest, or an alteration of the will by which the bequest is made, in the sense with which those terms are used in the statute."

Wills of personalty and of real estate standing on the same footing, no reason is apparent why a devise may not be satisfied as well as a legacy, or why the satisfaction may not be established by the same kind of evidence. DENIO, C. J., in discussing the doctrine of satisfaction in *Langdon's Executors* (16 N. Y., 35) uses language which is peculiarly pertinent to this case : " The defendants in this case rely upon evidence of the actual intention of the testator, and such evidence being of the most authentic character and entirely satisfactory, it is unnecessary to consider whether the plaintiff's case is within the doctrine of presumed satisfaction. It is not necessary either to examine the ground upon which that doctrine, the policy of which has been sometimes questioned, stands. It has never been denied that an intention of the testator, that a gift *inter vivos* should satisfy a legacy, when once established, must prevail; though it has been doubted upon plausible grounds whether the reasoning by which the doctrine of presumed satisfaction arising out of the relation of parent and child has been supported, was not too artificial and refined. (*Ex parte Pye*, 18 Ves., 151; Story's Eq. Jur., § 1118.) But I have not met with any case, English or American, in which the existence of the doctrine has been denied."

Not being trammeled by any reported case in, or statute of this State, we ought not to import into our jurisprudence a rule, conceded to be wholly artificial, resting upon no principle and without any foundation except a repealed foreign statute, which, if adopted, would serve only to thwart the intention of testators, and set up one rule for devises and another for legacies.

The judgment should be reversed and a new trial granted, with costs to abide the event.

Judgment affirmed, with costs.