RICHARD M. CLARK AND GEORGE H. BALDWIN, AS EXECUTORS, ETC., OF SARAH GIBSON, DECEASED, RESPONDENTS, v. HENRY L. KINGSLEY, APPELLANT, ROBERT BROOKSBANK, RESPONDENT, AND OTHERS.

*Advancements — when a payment made subsequent to the execution of a first will and prior to that of a second and last will, each will giving the same legacy, should not be treated as an advancement upon such legacy.*

In November or December, 1879, Sarah Gibson executed a will by which she bequeathed $1,000 to Henry L. Kingsley. April 1, 1880, she loaned $400 to one Shapley and took from him his promissory note, payable to Henry L. Kingsley or bearer, which note she handed to Kingsley, to whom it was with her assent paid in April, 1881. May 20, 1881, she executed a second and last will by which she bequeathed $1,000 to the said Kingsley.

*Held,* that the $400 should not be treated as an advancement and payment upon the legacy as the last will was executed after it had been paid.*

APPEAL from a judgment, entered upon the trial of this action by the court without a jury.

In November or December, 1879, Sarah Gibson executed a will by which she bequeathed $1,000 to Henry L. Kingsley. April 1, 1880, Mrs. Gibson loaned Thomas W. Shapley $400, for which he gave his note, payable to Henry L. Kingsley or bearer. The note was handed to Mrs. Gibson, who immediately handed it to Kingsley, to whom it was paid April 1, 1881, with the assent of Mrs. Gibson. May 20, 1881, Mrs. Gibson executed a second and last will, by which she bequeathed $1,000 to said Kingsley.

February 27, 1882, Mrs. Gibson died, and March 13, 1882, her last will (dated May 20, 1881) was duly proven and admitted to probate. The executors brought this action for a construction of the will and for authority to sell the real estate to pay the legacies. All of the legatees

---

* See *ante,* page 216.

and the heir at law are parties defendant. The heir at law answered, alleging that the sum received by Kingsley was paid and received as an advancement upon the legacy of $1,000 bequeathed him. Kingsley answered, denying this allegation, and served his answer on the plaintiffs and his co-defendants. The issue joined by these answers was tried at Special Term, which held that the $400 was paid and received as an advancement, and but $600 was due Kingsley on his legacy. A judgment was entered, from which Henry L. Kingsley appeals.

*William H. Hyde*, for the appellant.

*George W. Ray*, for the plaintiffs, respondents.

*Solomon Bundy*, for defendant Brooksbank, respondent.

FOLLETT, J.:

Advancements cannot be equalized upon the final distribution of estates, except in cases of total or partial intestacy. (*Thompson v. Carmichael*, 3 Sandf. Ch., 120 ; 4 Kent's Com., 418, 419 ; Will. Ex., 401 ; Day. Sur. [3d ed.], 563 ; 2 Will. Ex. [6th Am. ed], 1608 ; and *Hays v. Hibbard*, 3 Redf., 28 ; Redfield on Sur. [2d ed.], 569.) When a testator, *after* the execution of a will, advances money to a legatee, it may be shown by oral evidence that it was intended as a satisfaction, in whole or in part, of the legacy. But if the will is silent on the subject of advancements, it cannot be shown by oral evidence that an advance made *prior* to the execution of the will was intended as a satisfaction in whole or in part of a legacy. (*Camp v. Camp*, 18 Hun, 217 ; *Zeiter v. Zeiter*, 4 Watts, 212 ; *Kreider v. Boyer*, 10 id., 54 ; *Jones v. Richardson*, 5 Met., 247 ; *In re Peacock's Estate*, L. R., 14 Eq. Ca., 236 ; *Van Houten v. Post*, 32 N. J. Eq., 709.)

In *Camp v. Camp, supra* (see 2 Redf., 141, for the facts), the testator advanced to his children previous to the execution of his will, various sums of money, taking a receipt in the following form : " Received of Sylvester Camp $500, as a part of my apportionment of his estate." Some of his children were advanced more than others. After all of the advancements had been made, he executed his will, dividing his estate equally among his ten children. It was held that the advancements could not be equalized, and that the

sums received by the children could not be applied in part satisfaction of their shares.

In *Upton* v. *Prince* (cases in Eq. Temp. Talbot, by Forrester, 71) the testament was executed prior to the statute of wills, and the advancement was evidenced by a paper, testamentary in its character. A legally executed will is the highest and most solemn evidence of the testator's intention as to the disposition of his property, superseding all prior dispositive declarations, oral or written, and cannot be overthrown by oral evidence. Evidence of subsequent advancements does not dispute the will or contradict the declared intention of the testator, but establishes that the will has been carried into effect in whole or in part by the testator in his lifetime. The case shows that the testator's last declaration upon this subject was the will, and it is conclusive.

The judgment is sought to be supported upon the theory that the last will was, in effect, but a republication of a will made before the advance, which, it is argued, was in all respects like the last will, except that different persons were nominated as executors. A sufficient answer to this is that there is no such evidence. The witness who testified to the contents of the prior will, said that she bequeathed $1,000 to Kingsley by it, and nominated different executors. He did not testify that the wills were alike in all other respects, and the finding " that said will, *so far as it appears*, did not differ from her last will and testament, except that it named a different executor," is not equivalent to a finding that the two wills were in all respects alike, except in the executors nominated. The evidence was confined to showing that the wills were alike as to this particular legacy, but whether they were alike or unlike in other respects was not inquired into.

It has been many times held that a republication of a will by the execution of a codicil does not revive a legacy paid in whole or in part between the date of the will and the date of the codicil. The effect of a new will is quite different from the effect of a codicil. A codicil reaffirms the prior will so far as they are not inconsistent, while a new will revokes the whole of the prior will. (*Simmons* v. *Simmons*, 26 Barb., 68, 75.) No case has been cited holding that an advance is to be applied in reduction, or in satisfaction of a legacy subsequently given, unless the will, or some testamentary

paper which is deemed a part of the will, so provides. If, subsequent to the execution of a will, an advance is made to a legatee under circumstances from which the court would presume a satisfaction of the legacy, and afterwards a codicil is executed referring to the legacy as existing, the advancement will not be presumed to have been a satisfaction. (*Hopwood* v. *Hopwood*, 22 Beav., 488, 493; Pom. Eq. Juris., § 561.) If a testator, after bequeathing a legacy, makes an advancement to the legatee under circumstances from which the court would presume a satisfaction of the legacy, and subsequently revokes the will and executes a new one giving a like sum to the same legatee, the court will not presume it to be satisfied by the prior advancement.

The cases determining the rights of legatees and devisees who are also entitled to sums or property, under prior agreements for future settlements, are not germane to the question under consideration. (*Chichester* v. *Coventry*, L. R., 2 Eng. and I. App. Cases, 71.) It should be borne in mind that the legacy under consideration is a general instead of a specific legacy, and that circumstances sufficient to warrant the court in presuming a satisfaction of a specific legacy are insufficient to warrant the presumption in the case of a general legacy.

The portion of the judgment appealed from by Henry L. Kingsley is reversed, and a judgment absolute is ordered in his favor adjudging that the legacy bequeathed to him be paid in full, with the costs in the court below and of this appeal, payable out of the estate.

HARDIN, P. J., and VANN, J., concurred.

So ordered.