WILLIAM B. ARNOLD, AS EXECUTOR, ETC., OF MILO KELLOGG, DECEASED, PLAINTIFF, v. LAURA S. HARONN, DEFENDANT.

*Advancement — when the testator, by making a will after having made an advancement by which will he bequeaths property to the person receiving the advancement, prevents any deduction being made because of such advancement.*

The defendant, at the time of receiving from her father, the plaintiff's testator, the sum of $900, executed and delivered to him a written instrument, which read as follows: "Ogden, September 3, 1872. Received from my father, Milo Kellogg, nine hundred dollars, to be deducted from my part of his estate," upon the back of which there was indorsed, in the handwriting of Milo Kellogg,

·· This is to be charged to her portion." Thereafter Milo made a will by which he disposed of all his property, devising to his daughter certain real estate of the value of about $100, and a right to receive four-tenths of the income of the residue of the estate during her natural life.

The plaintiff, the executor of Kellogg, claimed to be entitled to recover the $900, as money loaned to the defendant, or at least to the amount of the value of the real estate devised to her.

*Held*, that as the will contained a devise to the defendant, and was made after the money was advanced, the testator must be presumed to have taken the advancement into consideration when determining the amount of her devise, and to have intended to cancel any obligation which might otherwise arise therefrom.

That the plaintiff was not entitled to recover the sum advanced, or any part thereof, from the defendant, nor to deduct it from the property or income devised to her.

CASE agreed upon and submitted to the court under section 1279 of the Code of Civil Procedure.

The defendant, Laura S. Haronn, is the daughter of the plaintiff's testator, Milo Kellogg; the parties reside in Monroe county, New York. Defendant made and executed to her father, Milo Kellogg, an instrument, in words and figures following:

"OGDEN, *September* 3, 1872.

"Received from my father, Milo Kellogg, $900, to be deducted from my part of his estate.

(Signed) "LAURA S. HARONN."

There was indorsed upon the back of the writing, in the handwriting of Milo Kellogg, the testator, the following: "This is to be charged to her portion." The defendant, at the time she delivered this writing to her father, received from him the sum of $900. Milo Kellogg thereafter died in Monroe county, New York, leaving him surviving the defendant, one son and a widow, and leaving a last will and testament, dated February 2, 1878, in and by which he appointed the plaintiff his executor. The will was duly admitted to probate in the Surrogate's Court of Monroe county, and letters testamentary were issued to the plaintiff.

Milo Kellogg by his will bequeathed to his wife and her heirs his homestead, household furniture, farming tools, etc. Secondly. He devised to the defendant all the rest of his real estate, of every name and nature. Third. He bequeathed to his son James the sum of $1,500; to William Webster, the son of a deceased daughter,

$400, and $400 to two children of defendant; and, fourthly, he devised to plaintiff, as executor, the residue and remainder of his personal estate, in trust for the payment of his debts and the legacies and charges upon his estate for and during the natural life of his wife and daughter, the defendant. Fifth. He gave to his wife the use, interest and income of six-tenths of the sum devised, in trust during her natural life, and also so much of the principal thereof as should be necessary for her proper support and maintenance; and, sixth. He gave and bequeathed to the defendant the use, interest and income of four-tenths of the sum devised to plaintiff, in trust during the term of her natural life, and after her death the four-tenths to be divided equally between the children of defendant. And he further directed that the trustee deposit the same in some savings bank in the city of Rochester or invest it in the real estate for the use and benefit of defendant and her family.

The property mentioned in the second subdivision of the will consisted of about five acres of swamp land in Ogden, Monroe county, of the value of about $100. The property mentioned in the fifth and sixth subdivision is personal property, consisting of money, notes, bonds and mortgages, and amounts in value to about $15,000. An inventory of the estate was filed in the Surrogate's Court, and the paper mentioned as signed by the defendant was included in the inventory as an asset of the estate.

*Wilkin & Pierce*, for the plaintiff.

*C. D. Kiehel*, for the defendants.

LEWIS, J.:

Had Mr. Kellogg left a will containing a devise to plaintiff, expressing his intention to treat the $900 as an advancement, or had the advancement been made after the will had been executed, then the advancement might have been deemed an ademption of the legacy; but having by his will disposed of his entire estate, the amount received by the defendant cannot be regarded as an advancement. This doctrine is established in *Thompson* v. *The Executors of Carmichael* (3 Sandf. Ch., 120); *Clark* v. *Kingsley* (37 Hun, 246; 4 Kent's Com., 418, 419); *Hays* v. *Hibbard* (3 Redf., 28); and there are many other authorities to the same effect. That

this is the law is conceded by plaintiff's counsel, but his contention is that the transaction was a loan of money by the father to the defendant, and that the plaintiff, as executor, is entitled to recover of defendant either the $900 or at least to the amount of the value of the real estate devised to defendant, which is about the sum of $100.

A reason for the rule of law, that where an advancement is made, and thereafter the party making it executes a will disposing of all of his estate, and makes no mention of the advancement, that it shall not be regarded as an advancement, is, that the testator must be presumed, when making his will, to have taken the advancement into consideration when determining the amounts of his bequests, and intended to cancel any obligation which might otherwise arise from the advancement. The effect of the testator's will was to cancel the advancement, and, in addition, he gave the defendant the lands and the use, interest and income during her life of four-tenths of his personal estate.

The value of the personal estate of the testator, after deducting the amount of the specific bequests, is about $12,500. The defendant, under the sixth clause of the will, would receive the interest and income of about $5,000; and the testator directs that this sum, so bequeathed in trust for the defendant, his trustee, shall deposit in some savings bank in the city of Rochester, or invest it in real estate for the use and benefit of the defendant and her family. Had he wished it applied to the payment of the advancement, he would not have given this direction to the money.

It is quite apparent that the testator did not intend that the $900 advanced by him to the defendant should be taken out of her interest money. She was to receive this interest during her life only. It was, therefore, entirely uncertain what amount she might receive. It is not supposable that he intended that the insignificant value of the real estate devised to defendant should be applied upon the $900 advanced. Had he intended that the money advanced to the defendant should be taken from the portion of the estate, he would unquestionably have made provisions in his will to that effect. The intention of the testator must prevail. (*Hine* v. *Hine*, 39 Barb., 507; *Proseus* v. *McIntyre*, 5 id., 424.)

The instrument, signed by the defendant, acknowledged the receipt from her father of $900, to be deducted from her part of

his estate. The father indorsed upon the back of the writing the words, "This is to be charged to her portion." It is apparent that at that time it was the intention of the parties that the amount should be a charge upon the defendant's portion of her father's property. She did not agree to pay the amount in money, but accepted it upon the condition that it should be a charge upon her portion of the estate; and had her father died intestate it might have been so applied. But when the father concluded to make a will we must assume, as he made no mention of this advancement, that it was taken into consideration in fixing his bequests to the defendant, and that he did not expect she should pay the advancement, or any part of it. If she were adjudged to pay the whole sum it might very largely exceed the amount she receives from the estate.

The principle which is the foundation of the rule that advancements made shall not apply in ademption of a legacy where the person making the advancement thereafter makes a will disposing of his entire estate, should prevent recovery of a judgment for the amount of the advances. We think the plaintiff is not entitled to recover of the defendant the sum advanced or any part of it. Neither can it be deducted from the property or income devised to her.

The defendant is entitled to judgment against the plaintiff, with costs, and judgment is directed accordingly.

HAIGHT and BRADLEY, JJ., concurred.

Judgment ordered in favor of the defendant, with costs.